## JONES v. TYDINGS *et al.*

No. 1725.  Opinion Filed May 14, 1912.

(123 Pac. 1063.)

**CANCELLATION OF INSTRUMENTS — Pleading — Petition.** Allegations of petition examined, and held to properly state a cause of action against both defendants.

(Syllabus by the Court.)

*Error from District Court, Ottawa County;*
*T. L. Brown, Judge.*

Action by Silas Wilbur Jones against Walter Tydings and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with instructions.

*Dick Rice* and *Harry L. Patton*, for plaintiff in error.

*O. L. Rider* and *S. C. Fullerton*, for defendants in error.

DUNN, J.  This case presents error from the district court of Ottawa county. The plaintiff in error, as plaintiff, filed his petition against the defendants to secure a decree setting aside certain transfers of real estate made by him to them. To the petition, defendants filed a demurrer, which was sustained, and in this court on appeal insist that the petition does not state facts sufficient to constitute a cause of action, and that several causes of action are improperly joined. The petition and ex-

hibits cover something over twenty pages of the record; the petition itself covering eleven. Without setting the same out at length, or discussing it in detail, we will say that we have carefully read and considered all of its allegations and the objections urged by counsel to its sufficiency, and, in our judgment, the trial court erred in sustaining the demurrer.

The plaintiff is represented to be an Ottawa Indian, 26 years of age, ignorant, uneducated, unsuspecting, and without any knowledge or experience in the business and commercial world, and without any business capacity, and was of such weakness of mind, yielding nature, and confiding disposition as to be unable to guard against the impositions or to resist the importunities and undue influence exercised over him by the defendants. This is followed by a detailed account of transactions which show a course of dealing and overreaching on the part of the defendants which, if true, leaves no room for doubt of plaintiff's right to recover. The subject-matter of the transactions between these parties was plaintiff's allotment, which lay adjoining the depot of the city of Miami. The petition shows that, through deceit and misrepresentations practiced upon the Interior Department, title to this land was secured by defendant Tydings; that thereafter he made a deed to undivided one-half of it to plaintiff, who was induced by improper influences, details of which are set out, to execute a deed and a conveyance · of his interest therein to the defendant Tidwell. In our judgment, the petition states a cause of action; plaintiff was not *in pari delicto;* two causes of action are not improperly joined, and, as the plaintiff, under the averments of the petition, would in any event be entitled to retain all which he has received, it was not necessary that he tender it back, in order to be heard in his effort to recover that which was his and held by the defendants.

The judgment of the trial court is therefore reversed, and the cause remanded, with instructions to require defendants to answer.

HAYES, WILLIAMS, and KANE, JJ., concur; TURNER, C. J., absent, and not participating.